UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES, | : | CASE NO. 5:22-cr-00716 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 21] |
| v. | : | |
| MARK R. BUCHANAN, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Mark Buchanan pled guilty to one count of being a felon in possession.[1] The Court sentenced Defendant Buchanan to 30 months of imprisonment.[2] At his sentencing, Marshall received two additional criminal history points because he committed his offense while under a state criminal justice sentence.[3]

Buchanan now moves to reduce his sentence to 24 months pursuant to 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Amendment 821.[4] The government does not oppose Buchanan's motion and agrees with a sentence reduction to 24 months.[5]

For the following reasons, the Court **GRANTS** Defendant Buchanan's motion and reduces Buchanan's sentence to **24 MONTHS**.

\* \* \*

Ordinarily, a court "does not have the authority to change or modify [a criminal] sentence unless such authority is expressly granted by statute."[6] One such statutory authority

---

[1] Doc. 18 at PageID 112.
[2] *Id.* at PageID 113.
[3] Doc. 15 at ¶ 47.
[4] Doc. 21.
[5] Doc. 22
[6] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (citation omitted).

Case No. 5:22-cr-00716
GWIN, J.

is 18 U.S.C. § 3582(c)(2), which allows courts to reduce a sentence based on retroactive amendments to the Sentencing Guidelines.[7]

When deciding whether to grant a sentence reduction under § 3582(c)(2), courts first apply the retroactive amendment to calculate an amended guideline range.[8] If the amended guideline range is lower than the original guideline range, courts then weigh the 18 U.S.C. § 3553(a) factors to determine if a sentence reduction is justified.[9] Under § 3582(c)(2), courts usually cannot reduce a defendant's sentence below the amended guideline range unless the original sentence was also below the original guideline range.[10]

Effective November 1, 2023, United States Sentencing Guidelines Amendment 821(A) limits the criminal history impact of "status points," decreasing them by one point for defendants with seven or more criminal history points and eliminating them for those with six or fewer criminal history points.[11] Amendment 821(A) is retroactive.[12]

At his original sentencing, Defendant Buchanan received eight criminal history points based on prior convictions.[13] He received two additional status points for committing his federal offenses while on a state criminal justice sentence.[14] Buchanan's ten total criminal history points caused him to have Criminal History Category V.[15] Combined with a total offense level of thirteen, this resulted in an original guideline range of 30–37 months.[16]

---

[7] 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 826 (2010).
[8] *Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)).
[9] *Id.*
[10] *Id.*
[11] Amendment 821, https://www.ussc.gov/guidelines/amendment/821.
[12] U.S.S.G. § 1B1.10(d).
[13] Doc. 15 at ¶ 46.
[14] *Id.* at ¶ 47.
[15] *Id.* at ¶ 48; U.S.S.G. Ch. 5, Pt. A (Sentencing Table).
[16] Doc. 19 at PageID 119.

Case No. 5:22-cr-00716
GWIN, J.

Amendment 821(A) reduces Buchanan's status points to one, giving him a total criminal history score of nine and placing him in Criminal History Category IV.[17] Maintaining the original offense level, Buchanan's amended guideline range is 24–30 months.[18] Thus, Defendant Buchanan is eligible for a sentence reduction.

Because the relevant § 3553(a) factors have not appreciably changed since the original sentencing, and the government does not oppose Buchanan's request, the Court finds that it is appropriate to grant a sentence reduction. The Court originally sentenced Buchanan to the bottom of his original guideline range. Consistent with Buchanan's original sentence, the Court reduces Buchanan's sentence to the bottom of his amended guideline range: 24 months.

The Court **GRANTS** Defendant Buchanan's motion and **REDUCES** Defendant's sentence to **24 MONTHS**. Except as otherwise provided in this Order, all other terms of Buchanan's original sentence remain in effect.

IT IS SO ORDERED.

Dated: April 9, 2024            *s/      James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[17] *See* U.S.S.G. Ch. 5, Pt. A.
[18] *Id.*